IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 11 2011

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 11-cv-00117-BNB

KEVIN PATRICK JONES,

    Plaintiff,

v.

STATE OF COLORADO,
CITY AND COUNTY DENVER COLORADO, and
KATHERINE LEMON, these defendants are sued in their individual and official capacity's [sic],

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Kevin Patrick Jones, initiated this action by filing *pro se* a Prisoner Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. In an Order entered January 31, 2011, Magistrate Judge Boyd N. Boland granted Mr. Jones leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Magistrate Judge Boland further determined, based on the information Mr. Jones provided about his financial status, that Plaintiff was able to pay an initial partial filing fee of $15.00 pursuant to 28 U.S.C. § 1915(b)(1). Mr. Jones was therefore directed to pay the initial partial filing fee within thirty days of the January 31 Order or to so cause why he has no assets and no means by which to pay the designated initial partial filing fee.

On February 8, 2011, Mr. Jones filed a "Motion to Set Aside" (Doc. No. 7) in which he asks the Court to "dismiss this instant case without prejudice." Plaintiff further

states that he "desires to voluntarily set aside this [a]forementioned civil action." *Id.*

The Court must construe the Motion liberally because Mr. Jones is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will construe the Motion liberally as a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

Fed. R. Civ. P. 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." No answer or motion for summary judgment has been filed by Defendants in this action. Further, a voluntary dismissal under Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. **See** J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); **Hyde Constr. Co. v. Koehring Co.**, 388 F.2d 501, 507 (10th Cir. 1968); **Janssen v. Harris**, 321 F.3d 998,1000 (10th Cir. 2003). The Motion, therefore, closes the file as of February 8, 2011. **See Hyde Constr. Co.**, 388 F.2d at 507. Accordingly, it is

ORDERED that the action is dismissed pursuant to Fed. R. Civ. P. 41(a)(1). It is

FURTHER ORDERED that the voluntary dismissal is without prejudice and is effective as of February 8, 2011, the date Mr. Jones filed the Motion in this action.

DATED at Denver, Colorado, this 11th day of ____February____, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00117-BNB

Kevin Patrick Jones
Prisoner No. 95866
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on February 11, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk